UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RUDOLPH SMITH, #1198942

Petitioner,

v.

ACTION NO. 2:10cv81

GENE M. JOHNSON,
Director of the Virginia Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

Petitioner Rudolph Smith ("Smith") was convicted in the Circuit Court of Northampton County on February 26, 2007, when he pled guilty to three counts of larceny as a third or subsequent offense. He was sentenced to a total of fifteen years imprisonment with ten years suspended. Smith did not file a direct appeal of his convictions.

On April 23, 2008, Smith filed a habeas petition to the Northampton Circuit Court, which was dismissed on June 1, 2009. Smith did not appeal this decision to the Supreme Court of Virginia. However, on July 8, 2009, he filed a second habeas petition in the Supreme Court of Virginia raising

1

several of the same claims as his original habeas petition. On October 5, 2009, the Supreme Court of Virginia dismissed the petition due to the timeliness of the filing.

Smith filed the present petition on February 4, 2010 [Doc. 3.] Respondent filed a Rule 5 Answer and Motion to Dismiss [Doc. 6.] Accordingly, this matter is now ripe for adjudication

**Grounds Alleged**

Smith asserts that he is entitled to relief under 28 U.S.C. § 2254 because:

(A) In violation of the Fourth and Fifth Amendments, the Petitioner was subjected to unreasonable search and seizure without probable cause.

(B) In violation of the Fourteenth Amendment, the Commonwealth arrested the Petitioner without sufficient probable cause or evidence to support the charges and failed to advise Petitioner of his right under Miranda v. Arizona.

(C) In violation of the Fourth and Sixth Amendments, the Petitioner was denied effective assistance of counsel when the attorney did not require the Commonwealth to present sufficient evidence against him to support the convictions.

(D) In violation of the Fourteenth Amendment, the Petitioner's guilty plea was involuntary.

(E) In violation of the Fourteenth Amendment, he was denied effective assistance of counsel specifically when:

(1) counsel failed to adequately explain the Petitioner's rights regarding plea agreements or obtain a written plea agreement.
(2) counsel failed to advise the Petitioner to withdraw the guilty plea.

(Pet. at 5-13) [Doc. 3.]

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Statute of Limitations

Smith's claims are barred by the federal habeas statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1) (2009). Thus, Smith's limitations period began to run on the date on which his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Smith's sentencing final order was entered in the trial court on July 2, 2007. [Doc. 3.] Smith did not file an appeal; therefore, his limitations period began to run on August 1, 2007, the date on which his convictions became final by the expiration of time to file a petition for appeal in the Court of Appeals of Virginia. *See* Va. Sup. Ct. R. 5A:6 ("No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal"); 28 U.S.C. § 2244(d)(1)(A). Smith's federal limitations period would have expired one year later, on August 1, 2008.

However, on January 21, 2008, Smith filed his habeas petition to the Circuit Court of Northampton County. While the state habeas was pending, the statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2). Smith had 192 days remaining or until December 10, 2009 to file the federal habeas petition.

Smith's present petition to this Court was filed on February 4, 2010, which was outside of

the federal statute of limitations period. Further, the federal statute of limitations period was not tolled when, on July 8, 2009, Smith filed a successive habeas petition to the Supreme Court of Virginia that was dismissed due to the timeliness of the filing. Pursuant to 28 U.S.C. § 2244(d)(2) (2009) only "properly filed applications for State post-conviction or other collateral review ... shall not be counted toward any period of limitation under this subsection." If a state court rejects a petitioner's petition as "untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). The petition was not properly filed, thus the subsequent habeas petition did not toll the federal statute of limitations.

Furthermore, equitable tolling of the statute of limitations is inapplicable in this case, as it is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418 (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Smith was aware that he did not appeal the original habeas petition to the Supreme Court of Virginia but instead filed a subsequent habeas petition. Smith alleges no extraordinary circumstance that stood in his way to filing the present habeas petition in a timely manner; thus, he cannot meet the second element required for equitable tolling. Therefore, Smith's federal habeas petition is barred by the statute of limitations and should be DISMISSED. The Court will not address the merits of the claims.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto,*

5

737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
June 21, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Rudolph Smith #1198942
Caroline Correctional Unit
31285 Camp Road
Hanover, VA 23069

Rosemary V. Bourne, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

, Clerk

By _____
Clerk of the Court

June 21, 2010