# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

RUDOLPH SMITH, #1198942

    Petitioner,

v.                                       ACTION NO. 2:10cv81

GENE M. JOHNSON,
Director of the Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

Petitioner, Rudolph Smith, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 23, 2010. The petition challenges Petitioner's February 26, 2007 conviction by the Circuit Court for Northampton County of three counts of larceny as a third or subsequent offense. Petitioner was sentenced to a term of fifteen years imprisonment with ten years suspended

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation filed June 21, 2010, recommends dismissal of the petition. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On July 13, 2010, the Court received Petitioner's Objections to the Report and Recommendation. [Doc. 12.] Although the filing was defective for timeliness and for failing to certify that a copy was sent to counsel for the Respondent, the Court ORDERS that the Objections to the Report and

Recommendation be filed. The Court further ORDERS the clerk to mail a copy of the Petitioner's objections to the counsel for the respondent.

In his objections, Petitioner raises three claims. The purpose of these objections is at once to provide an excuse for failing to timely file his habeas petition while also challenging his counsel's effectiveness. To start, Petitioner claims that he was not properly advised by counsel of what options he had with respect to filing a habeas petition. Petitioner also states that once he became aware of his right to file a petition, he did so at the earliest opportunity. Lastly, Petitioner claims that he was advised by counsel not to appeal the denial of his habeas petition, but instead to re-file a new habeas with the Supreme Court of Virginia. This last faulty advice, Petitioner argues, further eroded his right to effective assistance of counsel. (Objs. at 1) [Doc. No. 12.]

First, while it is true that a criminal defendant is entitled to be informed of his right to file a direct appeal, and entitled to counsel during the direct appeal, *Miller v. Smith*, 115 F.3d 1136, 1143 (4th Cir. 1997), "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Carrying this logic further, if there is no right to counsel in pursuing a habeas petition, then there is no right to be advised by counsel, appointed for the purpose of a criminal proceeding, to pursue a collateral attack. *See Wesley v. Cain*, 2009 WL 3190693, at *2 (E.D.La. Sept. 30, 2009) ("[A]ppointed appellate counsel had no specific duty to advise [petitioner] of the § 2244(d) statutory time period and neither petitioner's pro se status nor his ignorance of the AEDPA constitute exceptional circumstances justifying the application of equitable tolling.")

Here, Petitioner intimates that counsel was ineffective for failing to apprise him of his "right to appeal through a habeas corpus." (Objs. at 1.) As the law above makes clear, no such obligation

exists on the part of appointed counsel. As a result, Petitioner's claim is without merit.

Second, despite Petitioner's representations regarding the promptness of his actions in filing his habeas petition, equitable tolling of the statute of limitations is inapplicable in this case. Equitable tolling is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Although Petitioner alleges that he filed a habeas petition as soon as he became aware of his right to do so, such a terse explanation fails to demonstrate the requirements of the two prong test in *Pace*. Petitioner alleges no extraordinary circumstance that stood in his way to filing the present habeas petition in a timely manner; thus, he cannot meet the second element required for equitable tolling.

Thirdly, in addition to the factual inaccuracies of Petitioner's argument,[1] legally, a prisoner has no constitutional right to counsel when collaterally attacking his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). As such, it is incongruous for Petitioner to have been denied effective assistance of counsel when he claims he was improperly advised not to appeal the denial

---

[1] For example, petitioner claims his habeas petition was denied by the Court of Appeals of Virginia. (Objs. at 1.) Yet, a habeas petition filed pursuant to Virginia law is a type of civil action which would not fall within the appellate jurisdiction of the Court of Appeals. *See* Va. Code Ann. §17.1-405 (2010).

3

of his habeas petition. As long as the proceeding was a civil collateral attack, Petitioner had no right to counsel, therefore no constitutional deprivation can result from alleged ineffective advice.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed June 21, 2010. It is, therefore, ORDERED that the petition be DENIED and DISMISSED, and the Respondent's motion to dismiss be GRANTED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/ Mark S. Davis
Mark S. Davis
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
~~July    , 2010~~
August 2, 2010